O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSE M. KNOX,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JO ANNE B. BARNHART,<br>COMMISSIONER OF THE SOCIAL<br>SECURITY ADMINISTRATION,<br><br>　　　　Defendant. | Case No. ED CV 04-582 AN<br><br>MEMORANDUM AND ORDER |

## I. INTRODUCTION

Pursuant to 42 U.S.C. § 405(g), Plaintiff is seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI") pursuant to Titles II and XVI of the Social Security Act ("Act"). Both parties have consented to proceed before the undersigned Magistrate Judge. In accordance with the Court's Case Management Order, the parties have filed a joint stipulation and request for an order summarily deciding the issues concerning remand and/or immediate payment of benefits ("JS").

The relevant background facts are familiar to both parties and Plaintiff has stipulated that the decision of the Administrative Law Judge ("ALJ") fairly and accurately summarizes the hearing testimony and medical evidence in the record except

as noted in her contentions.

In the JS, Plaintiff contends the ALJ erred by: (1) ignoring the opinions of her treating physicians, and (2) improperly rejecting her credibility. The Commissioner disagrees.

After reviewing the parties' respective contentions and the record as a whole, the Court finds Plaintiff's contentions lack merit and are rejected for the reasons expressed by the Commissioner in her portions of the JS and the following reasons.

In a one-page application for a disabled parking placard dated May 1, 2002, Plaintiff asserted that she was disabled due to severe low back pain through June 16, 2002. [Administrative Record ("AR") at 117.] Plaintiff now contends that the ALJ's failure to address this application was error because the form represented the opinion of one of Plaintiff's treating physicians, Elise Luna, M.D. [JS at 3.] Plaintiff's argument is not supported by the record. While the application bears Dr. Luna's typewritten name, medical license number, and contact information, Dr. Luna's signature is glaringly absent. [AR at 117.] Under these circumstances, the ALJ was not obligated to discuss the application in the decision. *See Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984)(explaining that an ALJ is not required to discuss all evidence presented, but must only explain why significant, probative evidence is rejected). Even assuming, *arguendo*, that the application represented Dr. Luna's opinion of disability, it was brief, conclusory and not supported by clinical findings or treatment records. *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992)(finding that ALJ may reject the opinion of a treating physician if it is conclusory and brief and unsupported by clinical findings). Thus, the ALJ's failure to expressly mention and give reasons for disregarding Dr. Luna's opinion constitutes nothing more than harmless error. *Curry v. Sullivan*, 925 F.2d 1127, 1129 (9th Cir. 1990).

The ALJ's failure to address a one-page, unsigned claim form for state disability insurance benefits was also harmless. [AR at 146]; *Curry*, 925 F.2d at 1129. Plaintiff asserts that this claim form represents an opinion from one of Plaintiff's treating

physicians that Plaintiff was unable to perform her customary work from March 15, 2002 through April 14, 2002, due to uterine fibroids with heavy vaginal bleeding and menometrorrhagia. [AR at 146.] The claim form, however, does not bear the name or signature of any physician. [AR at 146]; *see Vincent*, 739 F.2d at 1395. Also, the temporary disability period in the form does not add up to the twelve months of continuous disability as required under the Act. 42 U.S.C. § 423(d)(1)(A)(to be entitled to disability benefits, the claimant must have an "inability to engage in any substantial gainful activity by reason of any medically determinable . . . impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months.").

The ALJ supported an adverse credibility determination by pointing out that Plaintiff's claims regarding the severity of her condition were contradicted by her physical therapist's opinion that she could return to work. [AR 11, 13, 93.] In August 2002, Plaintiff's physical therapist reported that Plaintiff had improved significantly since she began therapy a month earlier, and was capable of returning to work.[1/] [AR at 11, 13]; *see Morgan v. Commissioner of SSA*, 169 F.3d 595, 599-600 (9th Cir. 1999)(ALJ properly relied *inter alia* on inconsistencies between physician's observations and claimant's claims in discounting credibility). The ALJ also found that Plaintiff's allegations of disabling pain and other limitations were inconsistent with the weight of the evidence. [AR at 13.] Specifically, the ALJ noted that Plaintiff's treatment had been "routine and conservative." [AR at 13]; *see Fair v. Bowen*, 885 F.2d 597, 604-605 (9th Cir. 1989)(finding claimant's allegations of persistent, severe pain and discomfort belied by "minimal conservative treatment" and lack of hospitalization for evaluation of treatment of alleged symptoms). While Plaintiff underwent a hysterectomy in April 2002, the records reveal that she recovered with no apparent complications. [AR at 11, 129-30.] And, although Plaintiff requires surgery for repair of a tear in her left rotator

---

[1/] Although Plaintiff's therapist indicated that Plaintiff would need to get up and move around at least once an hour, the ALJ accounted for this restriction in Plaintiff's residual functional capacity assessment. [AR at 11, 93.]

cuff, the ALJ noted that Plaintiff is right handed. [AR at 13.] Thus, the ALJ provided sufficiently specific, clear and convincing reasons for discounting Plaintiff's subjective complaints. *See Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)(holding that if a claimant produces evidence that she suffers from an ailment that could cause pain, "the ALJ can reject the claimant's testimony about the severity of [her] symptoms only by offering specific, clear and convincing reasons for doing so").

### III. CONCLUSION

Accordingly, the Court finds the ALJ's determination of non-disability is free of legal error and supported by substantial evidence in the record. Therefore, Plaintiff's request for an order directing the payment of benefits or remanding this case for further proceedings is DENIED, and the Commissioner's request for an order affirming the Commissioner's final decision and dismissing the action is GRANTED. The clerk shall enter judgment, close the file and terminate all pending motions.

DATED:   October 31, 2005         /s/ Arthur Nakazato
                                  ARTHUR NAKAZATO
                                  UNITED STATES MAGISTRATE JUDGE